UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO ROSERO,

v.  Case No. 8:03-cr-82-T-17EAJ
 8:04-cv-1728-T-17EAJ

UNITED STATES OF AMERICA.

## **O R D E R**

This cause is before the Court on Defendant Eduardo Rosero (Rosero's) 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-150).

BACKGROUND

On February 25, 2003, Rosero and four others were indicted with one count of conspiring to possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine; and one count of possessing with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, both counts while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § 1903(a), (g) and (j)

and 21 U.S.C. § 960(b)(1)(B)(ii); and 46 Appendix, U.S.C. § 1903(a) and (g); 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii) respectively. (Doc. cr-1).

On April 23, 2003, after entering into a plea agreement with the Government (Doc. cr-53), Rosero pled guilty to count one. (Doc. cr-62). In his plea agreement, Rosero waived his right to appeal, directly or collaterally, his sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines:

> [T]he defendant . . . expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . .

(Doc. cr-53 at 12).

On April 23, 2003, during Rosero's change of plea hearing, the United States Magistrate Judge reviewed with Rosero the waiver of his right to appeal, directly or collaterally his sentence, and asked whether he had discussed this waiver with his lawyer and if he had any questions about it. (Doc. cr-157 at 12-13). Rosero responded affirmatively. The Court also asked if he were agreeing to that provision freely and voluntarily as part of his plea and he said "Yes." (Doc. cr-157 at 13).

> THE COURT: This provision is called Appeal of Sentence Waiver and this provision significantly limits your right to appeal your case. You are limited to three things in terms of appealing your sentence. You can appeal an upwards departure from the guidelines, if the Judge does that. You can appeal a sentence above the statutory maximum penalty, if that happens. And you can appeal a sentence which violates the law apart from the sentencing guidelines. However you cannot appeal your sentence on any other issue, and that would include any guidelines issue other than an upward departure. Do you understand that sir?

     MR. ROSERO: Yes.

(Doc. cr-157 at 13). During this hearing Rosero was assisted by Cecelia Marty, a Certified Federal Spanish interpreter. (Doc. cr-62, cr-157 at 2).

On August 8, 2003, the Court sentenced Rosero to 210 months incarceration, with credit for time served; and 60 months supervised release. Judgment was entered. (Docs. cr-114, 115). Rosero did not file an appeal.

On July 26, 2004, Rosero filed a timely 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct an allegedly illegal Sentence. He did not file a memorandum of law in support . (Doc. cv-1; cr-150). Rosero raised the following claims:

> Ground One: Rosero was arrested without notifying the Columbian Embassy as required by the Vienna Convention Treaty, rendering his plea contrary to law.
>
> Ground Two: Rosero's plea agreement is unlawful because it does not contain a factual basis pursuant to Rule 11 and because Rosero speaks no English, he did not know the consequences of his plea.
>
> Ground Three: Rosero was sentenced on a drug quantity in excess of the quantity charged in the Indictment. The district court unlawfully enhanced Rosero two levels. Doc. cv-1 at 6.
>
> Ground Four: Rosero's counsel was ineffective because he failed to inform him of his rights pursuant to the Vienna Convention Treaty, he failed to present evidence at sentencing to mitigate the length of his sentence and failed to appeal the wrongful sentence.

On September 17, 2004, the Court ordered the Government to file a response to Rosero's motion within twenty five days. (Doc. cv-6). On October 6, 2004, the Government filed a Motion for an Extension of Time in which to file its response. (Doc. cv-7). The Government requested thirty days after the filing of Rosero's plea hearing and sentencing hearing transcripts. Both transcripts were filed on November 8, 2004. (Docs. cr-157, 158).

DISCUSSION

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

WAIVER

Rosero has waived the right to appeal his sentence, directly or collaterally, on the grounds he raises in this motion to vacate. The right to appeal is a statutory right that can be waived if waived knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *see United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). For this Court to enforce a sentence appeal waiver, the Government need only demonstrate either (1) that the Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. The critical inquiry is not the extent to which the Court reviewed the sentence appeal waiver, but the extent to which the record demonstrates the defendant's knowledge and understanding of the waiver. *See id.* (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of the defendant's right to be aware of the direct consequences of his guilty plea).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver), *cert.*

*denied*, 122 S. Ct. 821 (2003); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (same), *cert. denied*, 531 U.S. 1175 (2001); *see also Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *cf. Latorre v. United States*, 193 F.3d 1035, 1037 n. 1 (8th Cir.1999).

In the present case, the Court specifically questioned Rosero concerning the sentence appeal waiver during the Rule 11 colloquy, and Rosero's responses to the Court's inquiry demonstrate that Rosero understood the appeal waiver. (Doc. cr-157 at 12-13). Rosero's claim that, because he does not know English, he did not understand the consequences of his plea, has no merit. (Doc. cv-1 at 5). The record shows that Rosero was assisted by a Spanish Interpreter during his plea hearing. (Doc. cr-62 and cr-157 at 2). Rosero responded to each question asked of him. (Doc. cr-157). Before reviewing the indictment and plea agreement with Rosero, the Court asked if those documents had been translated to him in Spanish, to which he answered "Yes." At the conclusion of the hearing, the Court found that Rosero entered into the plea knowingly, intelligently and voluntarily, and that the plea was supported by an independent basis of fact as to each essential element of the offense. (Doc. cr-157 at 24). Rosero's responses during the plea hearing and the Court's findings, negate his 2255 claims.

In his section 2255 motion, Rosero complains that the sentencing judge erred by sentencing Rosero to an the amount of drugs higher than the amount with which he was charged. (Doc. cv-1 at 5). This claim has been waived and has no merit. Rosero was charged with possession with intent to distribute five kilograms or more.  (Doc. cr-1). Rosero's plea agreement's factual basis states that he and others transported

approximately 2400 kilograms of cocaine. (Doc. cr-53 at 14). These facts were read to Rosero during the plea hearing. (Doc. cr-157 at 22). Rosero agreed with these facts. (Id. at 23). Based on this, the Presentence Report (PSR) computed Rosero's base offense level at 38. (PSR ¶ 18). Because Rosero was the captain of the boat, his base offense level was increased two levels to 40. (Id. at ¶ 19). Rosero received a three-level reduction for acceptance of responsibility and cooperation for a total offense level of 37. (Id. at ¶¶ 24-26). Based on a total offense level of 37 and a criminal history category of 1, the guideline range was 210-262 months. (Id. at ¶ 49). Rosero was sentenced at the bottom of the guidelines--210 months, and was given credit for time served. (Docs. cr-114, 115).

Because Rosero's sentencing challenge at ground three is, in essence, solely a challenge to the Court's application of the guidelines, his claim does not fall within the exception to his appeal waiver, which allows him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed "in violation of law apart from the sentencing guidelines." (Doc. cr-53 at 12).

Rosero's claims related to grounds one and four, including his ineffective assistance of counsel claims are waived because they do not relate to the validity of the plea or the waiver itself. *Cockerham*, 237 F.3d 1179 at 1182.

If this Court entertained the issues that Rosero raises in this 2255 motion, the Court would be permitting Rosero a collateral appeal or attack in contravention of the plain meaning of his plea agreement and denying the Government the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008; *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial

concessions; "he cannot have his cake and eat it too"); *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and would make sentence appeal waiver meaningless). Accordingly, Rosero's motion will be denied without further consideration. *See Buchanan*, 131 F.3d at 1008 ("where it is clear from the plea agreement and the Rule 11 colloquy . . .that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the Government to brief the merits of the appeal"); *see also Benitez-Zapata*, 131 F.3d at 1446; *Wenger*, 58 F.3d at 280 (appeal dismissed based on sentence appeal waiver); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992) (same); *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir. 1992) (same); *United States v. Wiggins*, 905 F.2d 51, 52-54 (4th Cir. 1990) (same).

## REPLY

Rosero's arguments in his reply are not persuasive. Rosero relies on the holdings in cases that are not retroactive on collateral attack--*United States v. Booker*, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004). *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Furthermore, the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. *United States v. Rubbo,* 396 F.3d 1330, 1335 (11th Cir. 1005); *see also United States v. Grinard-Henry*, 399 F.3d 1294, 1296-97 (11th Cir. 2005) (denying the motion to reconsider dismissal of the appeal because the appeal waiver was knowing and voluntary, the general appeal waiver language broad enough to include an *Apprendi/Blakely/Booker* claim, and the claim did not fall within an exception to an appeal waiver for a sentence in violation of the law apart from the sentencing guidelines).

Accordingly, the Court orders:

That Rosero's motion to vacate (Doc. cv-1; cr-150) is denied, with prejudice. The Clerk is directed to enter judgment against Rosero in the civil case and TO CLOSE THAT CASE.

ORDERED in Tampa, Florida, on September 27, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Pro se:  Eduardo Rosero