UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO ROSERO,

v.  Case No. 8:03-cr-82-T-17EAJ
    8:04-cv-1728-T-17EAJ

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is on remand from the United States Court of Appeals for the Eleventh Circuit.  The remand instructs the district court to conduct an evidentiary hearing into 1) whether Rosero, in fact, requested counsel to file a direct appeal to trigger the per se duty to appeal set forth in Flores-Ortega[1]; and 2) if not, whether counsel fulfilled his constitutional duty to consult with Rosero by advising Rosero of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with Rosero's wishes.  (Doc. cv-21).

BACKGROUND

On February 25, 2003, Rosero and four others were indicted with one count of conspiring to possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine; and one count of possessing with

---

[1] Roe v. Flores-Ortega, 528 U.S. 470 (2000).

the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, both counts while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii); and 46 Appendix, U.S.C. § 1903(a) and (g); 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii) respectively. (Doc. cr-1).  The record reflects that the total number of kilograms of cocaine involved was 2,400. PreSentence Report ("PSR"), p. 2, ¶ 11.

On April 23, 2003, after entering into a plea agreement with the Government (Doc. cr-53), Rosero pled guilty to count one. (Doc. cr-62). On August 8, 2003, the Court sentenced Rosero to 210 months incarceration, the low-end of the sentencing range, with credit for time served.[2]  Count two was dismissed on the Government's motion.

Judgment was entered on August 8, 2003. (Doc. cr-114, 115).  The record reflects, however, that Rosero, who was then incarcerated at Ft. Dix, New Jersey, did not receive and execute the judgment until November 7, 2003.  The judgment was not returned to this Court until December 9, 2003. (Doc. cr-130)

---

[2] The offense of conviction occurred through February 21, 2003, and the guidelines in effect at the time of sentencing were applied to the facts of this case.  The base offense level was 38.  The base offense level was increased two levels because Rosero was the captain of the go fast boat loaded with the cocaine.  The offense level was decreased by two levels for acceptance of responsibility, and decreased by an additional level for Rosero's timely notifying the authorities of his intent to plead guilty. PSR, p. 3, ¶ 19, 24, 25. Therefore, the total offense level was 37.

The sentencing provisions were as follows:

Statutory Provisions:        10 years to life imprisonment
Guidelines Provisions:       210 to 262 months
Recommended sentence:        210 months

(PSR unnumbered page entitled, "Sentencing Recommendation")

On March 1, 2004, Rosero signed a document requesting the following records in his case: 1) Copy of the Indictment;  2) Change of Plea Transcript 3) Sentencing Hearing Transcript. Rosero also sought to proceed in forma pauperis for the purpose of obtaining the records.  (Doc. cr-144-145). On March 11, 2004, the Court denied Rosero's pro se motion to release the records and to proceed in forma pauperis. (Doc. cr-146).

On July 26, 2004, Rosero filed a 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct an allegedly Illegal Sentence. (Doc. cv-1; cr-150).  Rosero raised the following grounds for relief:

> Ground One: Rosero was arrested without notifying the Columbian Embassy as required by the Vienna Convention Treaty, rendering his plea contrary to law.
>
> Ground Two: Rosero's plea agreement is unlawful because it does not contain a factual basis pursuant to Rule 11 and because Rosero speaks no English, he did not know the consequences of his plea.
>
> Ground Three: Rosero was sentenced on a drug quantity in excess of the quantity charged in the Indictment. The District Court ascribed 150 KG of cocaine to Rosero and sentenced him on a base level 38.  The proper base level is 32.  The district court unlawfully enhanced Rosero 2 levels.  Based on the proper base level of 32 minus a 3 level adjustment for responsibility, Rosero should have been sentenced on an adjusted "Total Offense Level" 29 which was a sentence of 87-108 months.
>
> Ground Four: Rosero's counsel was ineffective because he failed to inform him of his rights pursuant to the Vienna Convention Treaty, he failed to present evidence at sentencing to mitigate the length of his sentence; e.g. "safety valve" evidence, failed to appeal the wrongful sentenced ascribed the movant by the district court.

On July 29, 2004,  the Court denied Rosero's motion to vacate as time-barred. (Doc. cv-11).  On August 30, 2004, Rosero filed a motion to amend/correct order and to reopen the case.  (Doc. cv-5).  The Court granted the motion, reopened the case, and ordered the Government to respond. (Doc. cv-6).  On November 19, 2004, the Government responded

to the motion to vacate (Doc. cv-9), and on December 23, 2004, Rosero signed his reply. (Doc. cv-10). The reply was filed on January 3, 2005.

On September 27, 2005, the Court denied the motion to vacate, on the merits. (Doc. cv-11) On November 25, 2005, Rosero filed a Notice of Appeal which was construed as an application for certificate of appealability. (Doc. cv-13, 14). He also filed a motion for leave to appeal in forma pauperis. (Doc. cv-15). On March 14, 2006, the United States Court of Appeals for the Eleventh Circuit granted a certificate of appealability on the issue of "whether the District court erred by finding that appellant had waived his claim that counsel was ineffective for failing to file a direct appeal." (Doc. cv-17).

On September 12, 2006, the Eleventh Circuit vacated the district court's order denying Rosero's section 2255 motion and remanded for the district court to hold an evidentiary hearing on the issues set out above. (Doc. cv-21).

### EVIDENTIARY HEARING

On January 24, 2007, this Court held an evidentiary hearing before the undersigned United States District Judge. Rosero, a 46-year-old male from Cali, Colombia, was represented by court-appointed counsel, Michael Maddox. Defendant Rosero and Frederick Wiley Vollrath, Esq., who represented Rosero during the criminal proceedings, testified at the hearing. Rosero waived his attorney-client confidentiality privilege, and the rule was invoked.

Rosero testified that he told his attorney to file a Notice of Appeal while they were in the lockup room of the Sam Gibbons Courthouse immediately after his sentencing. He testified that he would not have signed a plea agreement that contained an appeal waiver had he known that he was waiving all of his appeal rights. Instead, he would have pled

guilty without a plea agreement.  Therefore, there would not have been an appeal waiver.

Rosero conceded that he was the captain of the boat that was transporting the cocaine, but he insisted that he was only a "mule" and that he should have received a lesser sentence than 210 months.

 Rosero testified that he had discussed the appeal waiver with his attorney before the change of plea hearing.  However, he also testified that he did not know he was giving up all of his appeal rights when the Magistrate Judge asked him if he understood what the appeal waiver meant during the Rule 11 colloquy. He testified that he had reviewed the PSR with his attorney before sentencing and that he knew he could receive the sentence of 210 months, but still was surprised at the length of the sentence.  He testified that he remembered the Court's stating that he had 10 days to file a Notice of Appeal at the conclusion of the sentencing hearing and insisted that he told counsel to file a Notice of Appeal after the hearing.

Finally, Rosero testified that he had consulted with inmates at his penal institution and had had an opportunity to research in the law library.  He testified that he learned he could file a 2255 motion from other inmates.  He also learned about United States v. Booker, 543 U.S. 220 (2005) from his work in the prison law library.

Rosero conveyed, through his testimony, that he wanted to reduce his sentence, although he also testified that he wanted a role reduction. However, he did not seek a role reduction in his 2255 motion.

Frederick Vollrath, Esq., an experienced criminal defense attorney testified for the Government. Attorney Vollrath testified that he had represented many "boat defendants" and that he routinely followed a certain format during pretrial, trial/plea, and sentencing

proceedings. He testified that if a client asked him to file a Notice of Appeal, he would do so. However, Attorney Vollrath does not have an independent recollection of whether Rosero asked him to file a Notice of Appeal, and does not have a file with any documents or notes about Rosero's case. Attorney Vollrath could not testify, under oath, that Rosero did not ask him to file a Notice of Appeal because he had no independent recollection of whether Rosero did or not.

## APPLICABLE LAW

### Roe v. Flores-Ortega

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test to a claim involving an attorney's failure to file an appeal for a client and established a three-step analytical framework to be applied in assessing such claims. Under Flores-Ortega, courts first must establish whether a defendant requested that his attorney file a notice of appeal. If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable. Id. at 477. If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal. In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 488. "If counsel has consulted with the defendant ... then [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself

constitutes deficient performance." <u>Id.</u> In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." <u>Id.</u> at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u>

In the present case, Rosero has an independent specific recollection of when and where he asked his attorney to file a Notice of Appeal. Attorney Vollrath has no independent recollection, and cannot deny that Rosero asked him to file a Notice of Appeal. The Court finds the specific recollection of Rosero credible.  Therefore, Rosero has met the standard of the first issue on remand.  There is no reason to reach the second issue.

Accordingly, the Court orders:

1. Rosero's section 2255 motion to vacate (Doc. cv-1; cr-150) is granted to the extent that he is entitled to file an out-of-time appeal.  The Clerk is directed to enter judgment in civil case 8:04-cv-1728-T-17EAJ for Rosero. The Clerk is further directed to close that case.

2. The Clerk is directed to vacate the judgment entered in criminal case 8:03-cr-82-T-17EAJ on August 8, 2003, and to enter the identical judgment in that case as of the date of this order. <u>See</u> <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000).

3. Rosero is entitled to appeal to the extent permitted by the plea agreement.

4. The time for filing a Notice of Appeal from the re-imposed sentence is 10 days from the date of the entry of judgment. See Rule 4(b)(1)(A)(i), Rules of Appellate Procedure.

5. Attorney Michael P. Maddux is appointed to represent Rosero on appeal.

ORDERED at Tampa, Florida, on January 26, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record